HON. CARL E. MOORADIAN Corporation Counsel, Niagara Falls
We acknowledge receipt of your letter requesting an informal opinion on several questions, one of which involves an interpretation of General Municipal Law § 122, which reads as follows:
 "In any city, county, town or village of this state wherein exists, or is hereafter created, an ambulance system, supported wholly or partly at public expense, or which is wholly or partly under the care, management or control of the public authorities, no person in charge of an ambulance, hospital, or house or place of reception for the sick or injured, shall refuse, in answer to a call or demand for an ambulance, if such call has been answered by the attendance of an ambulance, to take such person for whom a call may be made to the hospital or place of reception for the sick or injured from which the ambulance came, for examination and treatment by the house authorities of the said hospital or place of reception for the sick or injured.
 "Any person neglecting or refusing to comply with the provisions of this section shall be guilty of a misdemeanor.
 "This section shall apply to the drivers of and to the physician in charge of an ambulance."
In connection with that statute, you inquire whether an incorporated ambulance company providing ambulance services for business or profit, or whether any of its officers, agents or employees, would be guilty of the misdemeanor created by General Municipal Law § 122, if the ambulance company receives a call itself or learns of a call addressed to another competing ambulance company and refuses to dispatch an ambulance in response to the call.
In our opinion, if the ambulance company is one of those described in General Municipal Law § 122, the failure to dispatch an ambulance to respond to a call does not constitute the misdemeanor created by General Municipal Law § 122. The misdemeanor occurs if such an ambulance has been dispatched in response to such a call and, after arriving at the scene of the accident or of the medical emergency necessitating the call, there is a refusal to take the person for whom the call was made to a place designated in the statute.
Your inquiry was addressed to the failure to dispatch an ambulance and not to the failure of the ambulance and its personnel, after having responded to a call and appearing upon the scene, to take the person for whom the call was made to the appropriate location. Under these circumstances it is not necessary to determine whether an ambulance company providing ambulance services for business or profit constitutes an ambulance system "supported wholly or partly at public expense, or which is wholly or partly under the care, management or control of the public authorities".
We believe your other questions are resolved by Public Health Law, Article 30 (§§ 3000-3016), which was passed as Chapter 1053 of the Laws of 1974, together with the rules of the State Emergency Medical Services Council adopted on October 30, 1975 (which constitute Chapter VI of Title 10 of the Official Compilation of Codes, Rules and Regulations of the State of New York) and the rules and regulations of the appropriate Regional Emergency Medical Services Council established pursuant to Public Health Law § 3003.